No. 73–1055. BOWMAN TRANSPORTATION, INC. *v.* ARKANSAS-BEST FREIGHT SYSTEM, INC., ET AL.;

No. 73–1069. JOHNSON MOTOR LINES, INC. *v.* ARKANSAS-BEST FREIGHT SYSTEM, INC., ET AL.,

No. 73–1070. RED BALL MOTOR FREIGHT, INC. *v.* AR-KANSAS-BEST FREIGHT SYSTEM, INC., ET AL.;

No. 73–1071. LORCH-WESTWAY CORP. ET AL. *v.* AR-KANSAS-BEST FREIGHT SYSTEM, INC., ET AL.; and

No. 73–1072. UNITED STATES ET AL. *v.* ARKANSAS-BEST FREIGHT SYSTEM, INC., ET AL. Appeals from D. C. W. D. Ark.

In No. 73–1055, probable jurisdiction is noted limited to Questions 2 and 4 presented by the jurisdictional statement which read as follows:

"2. Can a Three-Judge District Court lawfully set aside and enjoin an order of the Interstate Commerce Commission granting an extension of a motor carrier certificate on the ground the Court does not agree with the order or may consider the evidence would warrant a different conclusion?

"4. Whether Commission order issued following extensive hearings, involving a voluminous record, admittedly concluded within all time limitations and commission rules can be judicially determined to be so stale 'as a matter of law' to prohibit any required findings or further consideration. If so, when does such an administrative action reach that point?"

In No. 73–1069, probable jurisdiction is noted limited to Question 2 presented by the jurisdictional statement which reads as follows:

"2. Whether in reversing the Commission's decision awarding certificates of public convenience and necessity the District Court employed erroneous standards of judicial review and improperly substituted its judgment for that of the agency."

In No. 73–1070, probable jurisdiction is noted limited to subsections (3) and (5) of the question presented by the jurisdictional statement which read as follows:

"Whether the three-judge court, in setting aside the

administrative agency decision, abdicated or abandoned its judicial function by

"(3) failing to give independent judicial consideration and review to the separate grants of authority to the intervening defendant motor carriers;.

"(5) rejecting Supreme Court precedent limiting the Court's scope of review and thereby substituting its judgment for that of the agency charged with the responsibility therefor."

In No. 73–1071, probable jurisdiction is noted limited to Question 2 presented by the jurisdictional statement which reads as follows:

"2. Whether the Three-Judge District Court improperly adopted a novel and unwarranted concept of *de novo* review of Commission decisions and changed the statutory relationship between hearing examiners and their agency with respect to recommended and final decisions."

In No. 73–1072, probable jurisdiction noted. Cases are consolidated and a total of one and one-half hours allotted for oral argument.